UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marianne Mason,                                          Civil No. 04-3703 (PAM/RLE)

                Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

UNUM Life Insurance Company
of America,

                Defendant.

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. § 1132(g)(1) and D. Minn. LR 54.3(b)(1). Plaintiff seeks attorneys' fees in the amount of $50,063.50 and costs in the amount of $1,431.08. For the reasons that follow, Plaintiff's Motion is granted.

## BACKGROUND

Plaintiff Dr. Marianne Mason sued Defendant UNUM Life Insurance Company of America on the grounds that Defendant improperly denied her benefits under the terms of her Long Term Disability ("LTD") Policy, in violation of the Employee Retirement and Income Security Act ("ERISA"). On September 27, 2005, this Court granted Plaintiff's Motion for Summary Judgment and awarded retroactive long-term disability benefits, prejudgment interest, and reinstatement in the LTD Plan.

## DISCUSSION

**A.  Effect of Defendant's Appeal to the Eighth Circuit Court of Appeals**

Defendant appealed this Court's Order of September 27, 2005, to the Eighth Circuit

Court of Appeals. Neither party has addressed whether this Court has jurisdiction to decide the Motion for Attorneys' Fees and Costs, which was filed subsequent to the appeal. However, the Court finds it has jurisdiction because the issues of attorneys' fees and costs are not the subject of the appeal. See Harmon v. United States, 101 F.3d 574, 587 (8th Cir. 1996).

**B.    Entitlement to Attorneys' Fees**

ERISA authorizes an award of attorneys' fees in the Court's discretion. See 28 U.S.C. § 1132(g)(1). The Court should consider five factors in determining whether fees are warranted:

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Martin v. Ark. Blue Cross & Blue Shield, 299 F.3d 966, 969 n.4 (citing Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir. 1984)). The factors are not exclusive; they are to be used as "general guidelines." Id. at 972.

Here, Defendant was culpable in wrongly terminating Plaintiff's disability benefits, and it maintained its position through two administrative appeals. Plaintiff was compelled to initiate litigation in order to recover benefits to which she was entitled. The Court explicitly found on cross-motions for summary judgment, that "UNUM's conclusions contradict the medical evidence and are unpersuasive to the Court," noting that Plaintiff's treating doctors consistently opined that she was physically limited from performing her occupation. (Order

at 18, Sept. 27, 2005.) In addition, Defendant failed to perform an on-site analysis of Plaintiff, instead relying only on examinations of her medical records. (<u>Id.</u> at 18-19.) The Court also found Defendant's vocational analysis "wholly incomplete and conclusory." (<u>Id.</u> at 19.) The culpability factor weighs in Plaintiff's favor.

As to the second factor, Defendant concedes that it is able to pay attorneys' fees. Turning to the third factor, however, Defendant avers that an award of attorneys' fees would not have a deterrent effect. The Court disagrees. Awarding attorneys' fees has a highly preventive effect on plan administrators from violating ERISA. A plan is more likely to act appropriately if it will avoid attorneys' fees. <u>Martin</u>, 299 F.3d at 973. Both the second and third factors favor Plaintiff.

The fourth factor involves consideration of whether the party requesting fees conferred a benefit on all plan participants or resolved an important legal question. Plaintiff asserts only that an award of attorneys' fees will encourage Defendant from complying with ERISA. This argument is essentially the same as the one made under the deterrence factor. Plaintiff does not allege that her case will directly benefit other plan participants or that she won a significant legal point. The Court will accord this factor to Defendant.

Finally, the Court must consider the relative merits of the parties' positions to determine the weight of the fifth factor. This factor is clearly in Plaintiff's favor given the Court's finding that she was disabled and entitled to payment of long-term disability benefits. The Court need not rehash the arguments made by the parties in summary judgment motions. It is sufficient to note that Plaintiff prevailed on summary judgment because Defendant's

determinations were conclusory, incomplete, and contrary to the medical evidence supplied by Plaintiff, which consistently showed she was physically limited from performing her job as an OB/GYN. Defendant also relied too heavily on opinions of in-house physicians who never examined Plaintiff.

Upon consideration of the relevant factors, the Court finds that an award of attorneys' fees is appropriate.[1] The Court now turns to the question of whether the amount sought by Plaintiff is reasonable.

**C.    Amount of the Fees**

Defendant contends that the fees sought by Plaintiff are excessive. Defendant challenges the number of hours worked by Plaintiff's attorneys, the relevance of certain issues for which counsel billed time, and counsel's billing practices.

In determining the reasonableness of attorneys' fees, the Court should begin by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Plaintiff's attorneys spent 249.60 hours in this litigation. Defendant notes that its counsel spent only 135.55 hours in defending the

---

[1] The present case is easily distinguishable from Pearce v. The Paul Revere Life Insurance Co., No. Civ. 01-665, 2002 WL 1976014, at *1 (D. Minn. Aug. 23, 2002) (Magnuson, J.). There, the primary issue before the Court was procedural in nature: whether the insurance company was prejudiced by the delay in the plaintiff's filing of her claim. Here, the Court exhaustively analyzed the factual record to determine the substantive merits of the parties' positions. In doing so, the Court found Defendant's position conclusory and contradictory to the record. Moreover, the Court's consideration of the five Westerhaus factors necessarily depends on the facts and circumstances of the individual case before it. Therefore, Defendant's reliance on Pearce is inapposite.

matter, but the Court finds irrelevant the number of hours worked by Defendant's counsel. Defendant fails to persuasively explain why the amount of time its counsel spent on its case should control the amount of time reasonable for Plaintiff's lawyers to present Plaintiff's case. Indeed, in the Order granting summary judgment to Plaintiff, the Court noted several times Defendant's failure to consider the entire medical record.  On the other hand, the Court is satisfied that Plaintiff's counsel comprehensively examined the entire, voluminous administrative record.  This examination was especially necessary because Plaintiff had different counsel during the administrative process.  Plaintiff's memoranda contained numerous citations to the record, in-depth analysis, and thorough discussion.

As to Defendant's contention that Plaintiff's memoranda contained some irrelevant arguments, the Court finds that Plaintiff's attorneys' fees should not be reduced merely because Plaintiff made mention of Defendant's claim-handling practices, Defendant's failure to consider certain evidence, and Defendant's alleged bias against Plaintiff.  These topics provided context to the Court and substantively supported Plaintiff's argument that Defendant failed to consider certain evidence.  Moreover, Plaintiff did not spend an inordinate amount of time on these topics.

Other factors also weigh in favor of finding the amount of fees reasonable. Hensley sets forth twelve possible applicable factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

461 U.S. at 429-30 & n.3. ERISA cases are generally time-consuming and complicated, and this case was no different. However, Plaintiff's counsel did not unnecessarily protract this case in discovery or motion practice. Plaintiff's lawyers are skilled ERISA litigators and should be compensated appropriately. When possible, work was assigned to the attorney who billed at a lower hourly rate, a paralegal, or a law clerk. There were numerous issues involved, including the unusual interplay between Plaintiff's physical and psychological disabilities. Ultimately, Plaintiff prevailed on summary judgment, winning both retroactive benefits and reinstatement in the Plan, thereby obtaining "excellent results." See id. at 435. In the Court's experience, a fee amount of $50,063.50 is not excessive for this case.

As to Defendant's challenge to Plaintiff's counsel's billing practices, the Court has reviewed the time records submitted by Plaintiff's counsel and finds nothing untoward. Contrary to Defendant's position, Plaintiff's counsel did not use daily, lump-sum billing. Most of the entries reflect time of less than an hour to several hours, and the descriptions of tasks are specific and detailed. The entries containing large blocks of time generally reflect

6

research and writing the summary judgment memoranda, which are tasks that legitimately may take hours to perform. Although a few entries group different tasks together, the Court finds that overall, Plaintiff's counsel was conscientious in billing. Thus, the Court will not reduce the fee award on this basis.

After considering all relevant factors, the Court finds the number of hours expended by Plaintiff's counsel to be reasonable. Plaintiff is entitled to $50,063.50 in attorneys' fees.

**D.   Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." The Court finds that Plaintiff is the prevailing party in this case, and Defendant does not assert otherwise. Defendant also does not contest the amount sought by Plaintiff. Accordingly, Plaintiff is awarded $1431.08 in costs.

**CONCLUSION**

The Court finds that an award of attorneys' fees and costs in this case is appropriate, and the amount sought by Plaintiff is reasonable. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorneys' Fees and Costs (Clerk Doc. No. 58) is **GRANTED**; and

2. Plaintiff is awarded attorneys' fees in the amount of $50,063.50 and costs in the amount of $1,431.08.

Dated :December 12, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
